UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHAD BECK** <br> *Plaintiff,* | **CIVIL ACTION NO. 25-00250** |
| v. | SECTION: " " |
| **TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., SHELL OFFSHORE INC., SUBSEA SOLUTIONS LLC, AND ENHANCED DRILLING, INC.** <br> *Defendants.* | JUDGE: <br><br> MAGISTRATE JUDGE: |

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, CHAD BECK (hereinafter sometimes referred to as "Plaintiff"), who files this Complaint for Damages and in support thereof respectfully avers as follows:

**PARTIES**

1.

Plaintiff is a citizen of the State of Wyoming and is the full age of majority.

2.

Made Defendants herein is:

A.  TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC. (hereinafter referred to individually as "TRANSOCEAN"), is a foreign corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court. It is believed to be the owner, owner *pro hac vice*, charterer, operator and/or manager of the deepwater drillship/drilling vessel D/S

        DEEPWATER PROTEUS and is engaged in the for-profit business of providing worldwide vessel based drilling services for oil and gas exploration.

B.     SHELL OFFSHORE INC. (hereinafter referred to individually as "Shell") is a foreign corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court. It is believed to be the charterer, partner and/or joint venturer in the operations of the D/S DEEPWATER PROTEUS and/or is the owner of the Mercury Well, located in the Gulf of Mexico, Mississippi Canyon Block 809 ("MC 809").

C.     ENHANCED DRILLING, INC. (hereinafter individually referred to as "EDR"), is a foreign corporation authorized to do and doing business in the State of Louisiana within the jurisdiction of this Honorable Court. It is believed to be the manager, operator and/or charterer of the D/S DEEPWATER PROTEUS and is engaged in the for-profit business of providing worldwide vessel based drilling services for oil and gas exploration.

D.     SUBSEA SOLUTIONS LLC (hereinafter individually referred to as "SUBSEA"), is a foreign limited liability company authorized to do and doing business in the State of Louisiana within the jurisdiction of this Honorable Court.

3.

Plaintiff brings this suit pursuant to the Constitution of the United States, the Jones Act (46 U.S.C. § 30104, *et seq.*), the Doctrine of Unseaworthiness, and the General Maritime Law of the United States for injuries sustained in the territorial waters of the United States off the coast of Louisiana in MC 809.

## JURISDICTION AND VENUE

4.

Jurisdiction of this matter is conferred on this Honorable Court by 28 U.S.C. §1331, §1333(1), and 46 U.S.C. § 30104; venue is conferred by 28 U.S.C § 1391 (b) and (c).

## FACTS

5.

On or about March 17, 2024, Plaintiff was employed by SUBSEA and was assigned to work as a member of the crew of the D/S DEEPWATER PROTEUS, a vessel in navigation, in furtherance of its mission of deepwater drilling for offshore oil and gas.

6.

At all times relevant hereto, TRANSOCEAN owned, operated, managed, controlled, maintained and/or chartered the D/S DEEPWATER PROTEUS and was directing, supervising, overseeing and monitoring, and/or was otherwise in charge of, operations onboard the vessel.

7.

At all times relevant hereto, SHELL was the owner and/or lessee of the Mercury Well located in MC 809, a joint venturer of Transocean and EDR, the operator and/or charterer of the D/S DEEPWATER PROTEUS, and was directing, supervising, overseeing and monitoring, and/or was otherwise in charge of, operations onboard the vessel.

8.

At all times relevant hereto, EDR was also the operator and/or manager and/or was otherwise in charge of operations on board the D/S DEEPWATER PROTEUS and was directing supervising, overseeing and monitoring operations onboard.

9.

At all relevant times hereto, Plaintiff was the borrowed Jones Act employee of TRANSOCEAN, SHELL and/or EDR.

10.

On or about March 17, 2024, Plaintiff experienced an accident aboard the D/S DEEPWATER PROTEUS while employed by and/or otherwise working for or with TRANSOCEAN, SHELL, EDR and/or SUBSEA, when employees of TRANSOCEAN, SHELL, EDR and/or other third parties performed work on a pressurized Closed Riser Accumulator Module piston assembly, causing a cap and piston assembly weighing approximately 200 pounds, to blow from the assembly and strike Plaintiff in the torso.

11.

Plaintiff sustained severe, permanent and disabling injuries as a result of the accident.

12.

Plaintiff was denied prompt and adequate medical attention following the accident and was refused emergency evacuation from the D/S DEEPWATER PROTEUS by Defendants, causing Plaintiff to sustain increased pain and suffering and exacerbating his injuries.

13.

At the time and the place of the accident, Plaintiff was working aboard a vessel in navigation and performing the type of work traditionally performed by seamen, and therefore, Plaintiff was owed the warranty of seaworthiness.

14.

Under the Jones Act and the General Maritime Law, it was the duty of the Defendants to furnish personnel such as plaintiff with a safe place to work and a seaworthy vessel and to otherwise exercise reasonable care for the safety of Plaintiff.

15.

The failure of Defendants to provide Plaintiff with a safe place to work and a seaworthy vessel and to otherwise exercise reasonable care under the circumstances, and Defendants' refusal to provide Plaintiff with prompt medical attention, was a proximate cause of Plaintiff's accident and his resulting injuries.

## **NEGLIGENCE**

16.

Plaintiff was in no manner negligent. The above-described accident that occurred on or about March 17, 2024, was caused by the negligence and fault of Defendants, their agents, servants, employees, or others for whom they are legally responsible, in the following non-exclusive respects:

a. Failing to provide plaintiff a reasonably safe place to work;

b. Failing to provide safe equipment aboard its vessel;

c. Failing to provide proper equipment and safety equipment aboard its vessel;

d. Failing to properly secure equipment and appurtenances on the vessel;

e. Allowing unsafe work practices;

f. Failing to stop work in unreasonably dangerous conditions;

g. Failing to maintain the equipment of its vessels in a safe condition;

h. Negligently allowing a seriously dangerous condition to exist aboard the vessel;

i. Failing to provide notice of a known unsafe condition and/or to take other appropriate safety measures;

j. Failing to properly man its vessels with a competent and adequate crew;

k. Negligent operation;

l. Denial of timely and appropriate medical treatment;

m. Failing to adequately inspect the vessel and keep it in a safe and operable condition;

n. Failing to devise and implement adequate safety procedures; and

o. Other acts of negligence and/or omissions which may be shown at trial of this matter.

## **UNSEAWORTHINESS**

17.

Plaintiff's injuries were also caused by Defendants' breach of breach of their absolute duty to provide a seaworthy vessel. At all times pertinent, the D/S DEEPWATER PROTEUS was unseaworthy in one or more of the following respects:

a. The vessel and all of its equipment and appurtenances were not reasonably fit for its intended purpose;

b. The vessel and all of its equipment and appurtenances were not safe for the performance of the operations in question;

c. The vessel crew was inadequately trained for the operations being conducted at the time;

d. The vessel crew was inadequate in number and/or inadequately trained;

e. Failure to have the required complement of crew;

f. Failure to provide adequate and timely medical treatment;

g. The vessel and its equipment were inadequately maintained; and

h.  Other unseaworthy conditions to be determined at the time of trial.

## MAINTENANCE AND CURE

18.

Pursuant to the General Maritime Law of the United States, Defendants, TRANSOCEAN, SHELL, EDR and SUBSEA, have and continue to have the absolute and nondelegable duty to provide Plaintiff with maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved.

19.

As a result of the aforementioned accident, Plaintiff was rendered unfit for duty and presently remains unfit and incapable of returning to duty as an able-bodied seaman. Therefore, Plaintiff prays for the payment of past, present, and future adequate maintenance benefits as well as past, present, and future payment of all cure benefits to which Plaintiff is entitled. Should Defendants, TRANSOCEAN, SHELL, EDR and SUBSEA, fail to honor their maintenance and cure obligations, Plaintiff is entitled to attorneys' fees, punitive damages and an additional compensatory award for any acts of negligence on the part of Defendants which would result in a deterioration of Plaintiff's medical condition.

20.

Plaintiff specifically alleges a claim for punitive damages against Defendants, TRANSOCEAN, SHELL, EDR and SUBSEA, herein based upon General Maritime Law in the event Defendants willfully and wantonly refuse to pay or discontinue maintenance and cure benefits pursuant to the Supreme Court of the United States' ruling in *Atlantic Sounding Co., Inc. v. Townsend*, 129 S. Ct. 2561 (2009). This claim relates not only to any arbitrary and/or unreasonable failure of Defendants to pay maintenance and cure benefits but also for any gross

negligence of the Defendant, or unseaworthiness of the vessel as may be allowed under General Maritime Law.

## DAMAGES

21.

As a result of the incident described herein, Plaintiff, has incurred the following non-exclusive damages:

a. Past and future loss of wages and work benefits;

b. Impairment of future earning capacity;

c. Past and future physical pain and suffering;

d. Past and future mental and emotional pain and suffering;

e. Past and future medical expenses;

f. Maintenance, Cure and Found;

g. Loss of enjoyment of life; and

h. Other elements of damages to be shown at the trial of this matter.

## JURY DEMAND

Plaintiff is entitled to and demands a trial by jury on all issues related herein.

**WHEREFORE**, Plaintiff, CHAD BECK, prays that there be judgment in his favor and against Defendants, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., SHELL OFFSHORE INC., ENHANCED DRILLING, INC. and SUBSEA SOLUTIONS, LLC, in an amount sufficient to compensate him for the damages described above, for compensatory damages, for legal interest from date of injury, for attorneys' fees, all costs of this action, including expert expenses, punitive damages if applicable, and for all other general and equitable relief to which he is entitled and this Court deems appropriate.

Respectfully submitted:

**THE CHOPIN LAW FIRM LLC**

_____
**JACQUES P. DEGRUY (La. 29144)**
**ADAM P. SANDERSON, T.A. (La. 31312)**
**JOHN C. WEGMANN (La. 38437)**
650 Poydras Street, Suite 1550
New Orleans, Louisiana 70130
Telephone:     Jacques Direct: 504-399-9907
               Adam Direct:    504-517-1675
               John Direct:    504-370-2061
Facsimile:     504-324-0640
E-mail:        Jacques@Chopin.com
               Adam@Chopin.com
               John@Chopin.com
1313 Service:  Service@Chopin.com
***Attorneys for Plaintiff, Chad Beck***

Page **9** of **9**